"White, J.
The question in this case is, whether the corporation known as “ The Association of the Tobacco Trade of Cincinnati,” is authorized to appoint, as one of its corporate officers, an inspector of leaf tobacco. The defendant Casey was appointed tó such office, and claims the right to exercise its functions under the rules and regulations of the corporation. The association became incorporated under the act of April 3, 1866, “ To authorize the incorporation of Boards of Trade and Chambers of Commerce.” S. & S. 182. The objects of the association were “ to secure the better regulation of the tobacco trade of Cincinnati, to promote its interest and influence, and to collect and disseminate information concerning it.” Section 8 of the act under which the association was incorporated, provides that the board of directors shall control, manage^ *557 and conduct the financial and business concerns of the association, and “appoint such inspectors, gaugers, weighers, measurers and other officers and employes as the by-laws may require, or as they may deem expedient and necessary.”
By section 7137 of the Revised Statutes, paragraph 500, the act of April 3, 1866, was repealed; and- by section 3232, the corporation now in question was to be thereafter governed and controlled by the provisions of title 2, of the Revised Statutes.
Section 3827 is found in title 2, and provides that “ The officers of an incorporated board-of trade or chamber of commerce shall consist of a president, two vice-presidents — first and second, and ten directors, all of whom shall be members of the •association, and be engaged in business at, or residents of, the city or town where it is established; .... and all other officers, agents, or committees, deemed necessary for the interests of the association, shall be appointed in such manner, and with such powers, as may be provided by the by-laws and rules of the association.”
Section 3829 provides that such corporations may require' from their officers, bonds to secure the faithful discharge of their duties. Section 3830 is as follows : “ Every inspector, gauger, weigher or measurer appointed by such association, shall be recognized as a legally appointed officer, for the duties pertaining to his position, in the city and county wherein the association is located, and shall be subject to all the provisions and penalties of the laws relating to such officers ; and the certificate of such appointee, as to his official acts, shall be ev-; idence, and binding upon the persons interested.”
- Under this legislation the association is authorized to appoint an inspector to perform such duties as may promote the objects for which the association was incorporated.
It is, however, claimed on behalf of the relator, that the right to inspect tobacco in the several warehouses of the members of the association, is vested excktswely in the inspectors appointed under chapter 6, title 5, of the Revised Statutes, as amended April 20,1881. -78 Ohio L. 2é2, We do not think so. The tobacco, which such inspectors are required to in *558 speet, is limited to such tobacco as they may be “ called on to view, weigh and inspect, at sucb warehouse, of any other public warehouse.” S.ection 4340.
' The sale of tobacco at the warehouse or elsewhere, unlike the sale of spirituous liquors, is not forbidden until subjected to inspection by the statutory inspector. With the consent of the seller and buyer, tobacco may be sold without any inspection, or upon the inspection of any person they may agree upon.
The defendant does not claim the right to insjiect tobacco, except at the instance of the warehouse-man having it in charge; and, in the absence of any showing to the contrary, the warehouseman must be presumed to represent the owner from whom he received the tobacco for sale.
We find no error in the judgment of the district court.
It is contended on behalf of the defendant, that the mode of appointing inspectors, prescribed in section 4334 (18 Ohio L. 242), is in conflict with the constitution; but the view we take of the case renders the consideration of that question unnecessary.

Judgment affirmed.